**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3182
_____

GRACIELA ARIAS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072 799 464)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2013

Before:  FISHER, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>.

(Opinion filed: February 08, 2013)
_____

OPINION
_____

PER CURIAM

1

Graciela Arias petitions for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed her appeal of an Immigration Judge's ("IJ") final removal order. We will deny the petition for review.

Arias is a native and citizen of Peru. She came to the United States in 1986, and filed an application for asylum in 1994.[1] Her asylum application stated that she had received threats in Peru from the terrorist group Sendero Luminoso (Shining Path), and that her brother was killed by that group. Arias's asylum application apparently lay dormant for over a decade. She was served with a Notice to Appear in July 2008, charging her with overstaying her visa. Arias, represented by a new attorney, submitted an affidavit in support of her asylum application, stating that she first noticed some "incorrect information" in her application when she consulted the new attorney. She stated that her brother died of a heart attack and was not killed by Sendero Luminoso, and that she had never received any threats from the group, although a first cousin had. A.R. 136-37. At her merits hearing, she testified that she feared returning to Peru because she feared persecution as a member of a particular social group: she feared her family

---

[1] The one-year statutory time limitation for filing asylum claims was not yet in effect.

members were angry with her for not returning to Peru when her parents were ill and when they died:[2]

> Q. Are you afraid that your family members are going to harm you?
> A. Some of them, not all of them.
> . . .
> Q. What would you—what do you think would happen if you went back?
> A. I haven't been there many years. I haven't been there since 1986. Just some repercussions—some distant family members might hold that against me.

A.R. 91-92.

The IJ held that the retaliation or bad feelings that Arias feared did not rise to the level of persecution, and that she had not linked the possible persecution to any protected ground. The IJ further noted that Arias had not shown that the police would be unable to protect her. The BIA dismissed her appeal in a short opinion, agreeing with the IJ's analysis.

In her brief, Arias argues that the IJ used the wrong standard in determining that she failed to show eligibility for asylum. She emphasizes, citing INS v. Cardoza-Fonseca, 480 U.S. 421 (1987), that an applicant might show eligibility for asylum even if there is just a one in ten chance that she will be persecuted. But Arias does not point to any part of the IJ's or BIA's decisions that would indicate a misunderstanding of the standard. Further, Arias does not address the reasons that the IJ and BIA gave in denying

---

[2] In her brief here, she says that her particular social group is based on her "family membership." However, in her brief to the BIA, she argued that her particular social group was "gender." A.R. 11-12. Because the "gender" claim is the only one she presented to the BIA, we review only that claim. 8 U.S.C. § 1252(d)(1).

3

her relief: she failed to show that the mistreatment she feared rose to the level of persecution, see Fatin v. INS, 12 F.3d 1233, 1240 n.10 (3d Cir. 1993) (persecution denotes "extreme conduct"), and she did not show that she would be persecuted on account of her gender, see id. at 1241 ("We certainly cannot say that a reasonable factfinder would have to conclude, based on [the] record, that the petitioner, if returned to [her country] would face treatment amounting to persecution simply because she is a woman.") (internal citation and quotation omitted). Substantial evidence supports the BIA's conclusion that Arias is not eligible for asylum. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (BIA's determination that petitioner is ineligible for asylum must be upheld if supported by substantial evidence). Further, because she failed to demonstrate eligibility for asylum, she necessarily failed to meet the higher standard of eligibility for withholding of removal. Mudric v. Att'y Gen., 469 F.3d 94, 102 n.8 (3d Cir. 2006).

For the foregoing reasons, we will deny the petition for review.